UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA TABAREZ GUZMAN,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:20-cv-00514-CBD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 2412(d)<br><br>(Doc. 27) |

**Introduction**

Pending before the Court is the motion pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for award of attorney's fees by Jonathan O. Peña ("Counsel") of Peña & Bromberg, PC, for Plaintiff Monica Tabarez Guzman's ("Plaintiff"), filed on March 22, 2022. (Doc. 27).[1] Counsel seeks an award in the amount of $14,153.43. *Id.* at 1. Defendant Commissioner of Social Security ("Defendant") did not file an opposition, statement of non-opposition, or otherwise respond; thus, Plaintiff's motion is deemed unopposed. *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."). Accordingly, for the reasons set forth below, Plaintiff's motion for attorney's fees will be granted.

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge. *See* Doc. 14.

**Background and Discussion**

On April 10, 2020, Plaintiff filed a Social Security Complaint against Defendant. (Doc. 1). On January 13, 2021, Plaintiff filed a brief in support of remand raising five legal issues for review in this Court. (Doc. 20). On February 19, 2021, Defendant filed an opposition and Plaintiff filed a reply on March 8, 2021. (Docs. 22, 24). On December 22, 2021, the Court issued an order granting remand of this action pursuant to sentence four of 42 U.S.C. § 405(g) and entered judgment in favor of Plaintiff. (Docs. 25-26).

Plaintiff requests an award of attorney fees and expenses as the prevailing party for work performed in 2020 through 2022. (Doc. 27-1); *see Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who prevails in a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). Plaintiff's request is timely. *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007). The Commissioner did not oppose the requested relief.

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id.*; *see Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (the government has the "burden to show that its position was substantially justified."). Here, the government has not opposed or otherwise responded to counsel's motion for attorney fees. Accordingly, the Court finds that Plaintiff is entitled to EAJA fees, provided that such fees are reasonable.

Under the EAJA, attorney fees must be reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). Plaintiff requests an award of $14,153.43 in EAJA fees. (Doc. 27). In the attorney declaration and exhibit filed in support of the motion, Counsel identifies three hours of work performed in 2020, 59.65 hours of work performed in 2021, and 3.75 hours of work performed in 2022. (Doc. 27-1 at pp. 2-3). The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77

(9th Cir. 2005). Assuming Counsel seeks the published maximum hourly rates for work performed in 2020 ($207.78), 2021 ($217.54), and 2022 ($234.95),[2] the total requested award for the hours Counsel attests to having spent in connection with the litigation falls slightly below the Ninth Circuit's allowed statutory maximum rate.

The Court has reviewed the docket and Counsel's itemization of the services rendered and finds the request appropriate and commensurate with the number of hours an attorney reasonably would need to have spent on this action. (Doc. 27-1). Specifically, Counsel reviewed a voluminous certified administrative record (1,250 pages) and prepared an overlength brief in support of remand and reply brief raising five issues for review. (Docs. 12, 20, 24). With respect to the results obtained, Counsel obtained a favorable judgment remanding the case for further administrative proceedings. (Docs. 25-26).

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's Counsel.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's motion for attorney fees pursuant to EAJA, 28 U.S.C. 2412(d) (Doc. 27), is GRANTED; and

*Remainder of This Page Intentionally Left Blank*

---

[2] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited July 27, 2023).

2. The Commissioner is directed to pay to Plaintiff as the prevailing party attorney fees in the amount of 14,153.43. Unless any offsets are applied under TOP, the government shall make payment of the fees to Plaintiff's counsel Jonathan O. Peña of Peña & Bromberg, PC, in accordance with Plaintiff's assignment of fees and subject to the terms of the motion.

IT IS SO ORDERED.

Dated:  **July 27, 2023**

UNITED STATES MAGISTRATE JUDGE