UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA TABAREZ GUZMAN,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:20-cv-00514-CDB<br><br>ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. §406(b)<br><br>(Doc. 31) |

Plaintiff Monica Tabarez Guzman's ("Plaintiff") counsel Jonathan Omar Peña seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b).  (Doc. 31).

**Background**

In March 2020, Plaintiff and Mr. Peña's law firm entered into a contingency fee agreement.  (Doc. 31-2).  The parties agreed to attorney's fees in the amount of 25% of the past-due benefits that were awarded to Plaintiff in the event she prevailed in her ase.  *Id*. at 1.  The agreement also provided that Plaintiff would pay her attorney's reasonable out-of-pocket expenses that were incurred in representing her.  *Id*.  Further, the agreement provided that counsel could seek fees pursuant to the Equal Access to Justice Act ("EAJA), with such fees to be refunded in the event of an award of past-due benefits.  *Id*.

Plaintiff filed a complaint to this Court on April 10, 2020, appealing the Commissioner of Social Security's ("Commissioner" or "Defendant") decision denying her application for benefits. (Doc. 1). Plaintiff filed a motion for summary judgment on January 13, 2021. (Doc. 20). On February 19, 2021, Defendant filed an opposition and Plaintiff filed a reply on March 8, 2021. (Docs. 22, 24). On December 22, 2021, the Court issued an order granting remand of this action pursuant to sentence four of 42 U.S.C. § 405(g) and entered judgment in favor of Plaintiff. (Docs. 25-26).

On March 22, 2022, Plaintiff filed a motion for attorney's fees pursuant to EAJA. (Doc. 27). Defendant did not file an opposition, statement of non-opposition, or otherwise respond to the motion. On July 28, 2023, the Court granted Plaintiff's motion for attorney's fees pursuant to EAJA and counsel was awarded EAJA fees in the amount of $14,153.43. (Doc. 30).

Following remand, an administrate hearing was held and the presiding Administrative Law Judge ("ALJ") issued a favorable decision awarding benefits to Plaintiff. (Doc. 31 at 3). The Social Security Administration (the "Agency") sent Plaintiff a notice of change in benefits and notice of award. (Doc. 31-1). The Agency informed Plaintiff that it withheld $30,275.00, representing 25% of her past-due benefits, for payment for her counsel. *Id*. at 2.

On September 6, 2024, Mr. Peña filed the instant motion for attorney's fees pursuant to 42 U.S.C.§ 406(b) seeking an award of $30,275.00 in attorney's fees. (Doc. 31). That same day, Mr. Peña filed a proof of service that the instant motion was served on Plaintiff by U.S. mail. (Doc. 32). Defendant filed a statement of non-opposition stating it "neither supports nor opposes Counsel's request for attorney's fees under 42 U.S.C. § 406(b)." (Doc. 33). Plaintiff did not file an opposition or statement of non-opposition to Mr. Peña's motion and the time to do so has passed.

**Legal Standard**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 U.S.C. § 401, *et seq*] who was represented before the court by an attorney, the court may determine and

2

> allow as part of its judgment a reasonable fee for such representation not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…

42 U.S.C.§ 406(b)(1)(A); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). The Commissioner typically does not act as an adversary, but "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6 (2002). Thus, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to a counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009); *see Gisbrecht*, 535 U.S. at 808-08 (the 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable). In determining whether the requested fee is reasonable, the court considers (1) the character of the representation and the results achieved by the representative, (2) whether the attorney is responsible for delay in effectuating benefits, and (3) whether the requested fee is reasonable in light of the amount of time the attorney spent in litigating the case. *Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1149.

**Discussion**

Counsel for Plaintiff's motion for attorney's fees is reasonable. Plaintiff's counsel is an experienced attorney who secured a successful result for Plaintiff in this action. *See* (Docs. 25-26, 31-1). There is no indication that a reduction of fees is warranted due to any substandard performance by counsel. There is also no evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay. Indeed, Counsel's itemized bill reflects 66.4 hours of time to review the 1248-page administrative record and drafting a motion for summary judgment and reply raising seven separate issues for review. (Docs. 12, 20, 24, 31-3). The Court finds 66.4 hours is a reasonable amount of time for the performance of those tasks.

The Court also finds that the total amount sought does not appear to be disproportionate to the amount of time Plaintiff's counsel spent on the case. Counsel for Plaintiff requests an hourly

rate of $455.95.00 ($30,275.00 / 66.4 hours).  The amount requested cannot be said to amount to be a windfall.  *See Crawford*, 586 F.3d at 1153 (J. Clifton, concurring in part and dissenting in part) (noting that the majority opinion found reasonable effective hourly rates equaling $519, $875, $902); *see also Smith v. Kijakazi*, No. 1:13-cv-01717-BAK (SKO), 2022 WL 1471035, at *2 (E.D. Cal. May 10, 2022) (collecting cases finding that similar amounts in attorney's fees requested were appropriate); *cf. Soriano v. Saul*, 831 Fed. Appx. 844, 844-45 (9th Cir. 2020) (holding the district court had discretion to determine that a fee award of $20,000 for 17.7 hours of work, an hourly rate of $1,129.94, did amount to a windfall); *Coles v. Berryhill*, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. Jun. 21, 2018) (hourly rate of $1,431.94); *Garcia v. O'Malley*, No. 1:20-cv-01366-SKO, 2024 WL 1118782, at *3 (E.D. Cal. Mar. 14, 2024) (collecting cases and finding effective hourly rate of $2,307.69 per hour not excessive); *see also* (Doc. 31 at 5-6) (citing cases providing an hourly rate over $1,000 per hour).

Similarly, the $30,275.00 total amount is consistent with contingent fee awards granted under § 406(b).  *E.g. Aguilera v. Comm'r of Soc. Sec.*, No. 1:21-cv-00819-GSA, 2024 WL 3937517, at *2 (E.D. Aug. 23, 2024); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) ($34,500); *Thomas v. Colvin*, No. 1:11-cv-01291-SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50).

Accordingly, the Court finds the fees sought by Mr. Peña are reasonable in light of the results achieved in this action.  An award of attorney's fees pursuant to § 406(b) in the amount of $30,275.00 is appropriate but must be offset by any prior award of attorney's fees granted under the EAJA.  *Gisbrecht*, 535 U.S. at 796.  As Plaintiff was previously awarded $14,153.43 in fees pursuant to EAJA (Doc. 30) in fees pursuant to EAJA, counsel shall refund the amount of $14,153.43 to Plaintiff.

**<u>Conclusion</u>**

Based on the foregoing, IT IS HEREBY ORDERED:

1. Mr. Peña's motion for authorization of attorney fees under 42. U.S.C. 406(b) (Doc. 31) is GRANTED;

2. Mr. Peña is awarded attorney's fees in the amount of $30, 275.00; and

3. Upon the receipt of the full attorney's fees, pursuant to 42 U.S.C. § 406(b), Mr. Peña shall reimburse Plaintiff the full amount of the EAJA fee ($14,153.43) previously awarded (Doc. 30).

IT IS SO ORDERED.

Dated: **September 25, 2024**

_____
UNITED STATES MAGISTRATE JUDGE